UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JANET CRABTREE, | : | Case No. 1:07-cv-318 |
| Plaintiff, | : | Barrett, J. |
| | : | Black, M.J. |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding plaintiff "not disabled" and therefore unentitled to a period of disability and disability income benefits. (*See* Administrative Transcript ("Tr.") 11-16) (ALJ's decision).)

**I.**

On September 22, 2004, plaintiff filed an application for disability insurance benefits, alleging a disability onset date of December 6, 2003, due to back problems (degenerative disk disease), fibromyalgia, feet problems, migraines, balance problems, trouble concentrating, mental confusion, sleep problems, and arthritis. (Tr. 62-64, 67, 73, 237).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Upon denial of plaintiff's claims on the state agency level, she requested a hearing *de novo* before an ALJ.  A hearing was held on June 5, 2006, at which plaintiff appeared with counsel and testified.  (*See* Tr. 232-55.)  A vocational expert, Donald Woolwine, was also present and testified.

On September 22, 2006, the ALJ entered his decision finding plaintiff not disabled.  That decision became defendant's final determination upon denial of review by the Appeals Council on April 6, 2007.  (Tr. 4-6.)

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's fibromyalgia is considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the residual functional capacity to perform light level work with standing, walking and sitting limited to six hours a day.

7. The claimant's past relevant work as credit card representative did not require the performance of work-related activities precluded by her residual functional capacity (20 CFR § 404.1565).

>   8. The claimant's medically determinable impairment did not prevent the claimant from performing her past relevant work.
>
>   9. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 404.1520(f)).

(Tr. 15 - 16.)

The ALJ thus concluded that plaintiff was not entitled to a period of disability or disability insurance benefits.

On appeal, plaintiff argues that: (1) the ALJ erred in evaluating plaintiff's credibility and subjective complaints of pain (2) the ALJ erred in failing to consider plaintiff's impairments in combination; and (3) the ALJ erred in finding that plaintiff could perform her past relevant work.  Each assertion will be addressed in turn.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  In performing this review, the Court considers the record as a whole.  *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978).  If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled.  As the Sixth Circuit has explains:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.

> The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

### A.

For her first assignment of error, plaintiff maintains that the ALJ erred in evaluating plaintiff's pain, credibility, and subjective complaints. Plaintiff asserts that her complaints of disabling pain are supported by the objective medical evidence, her statements to her treating sources, and her testimony regarding the severity and effect of her fibromyalgia, degenerative lumbar disc disease, feet problems, migraines, balance problems, trouble concentrating, mental confusion, sleep problems and arthritis. Plaintiff's assertions lack merit.

When considering a claim for disability based on pain, the Court is guided by the Sixth Circuit's instruction that, initially, there must be objective evidence of an underlying medical condition. *Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). If such evidence exists, there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition, or the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged disabling pain. *Id.*; *see also Felisky,* 35 F.3d at 1038-39.

However, because of the nature of fibromyalgia and its manifestations, application

of the usual disability analysis is difficult. *Swain,* 297 F.Supp.2d at 990.

> The first alternative test under the second prong of Duncan -- medical evidence confirming the severity of the alleged pain -- almost never exists. Analysis is also hampered under the second alternative test – the medical condition is of such severity that the alleged pain can reasonably be expected to occur. In most cases, the analysis under this second alternative test will consist of diagnostic findings confirming the severity of the impairment and the opinion of a physician as to limitations that pain caused by such severity will impose. Since the presence and severity of fibromyalgia cannot be confirmed by diagnostic testing, the physician's opinion must necessarily depend upon an assessment of the patient's subjective complaints.

*Id.* (internal citations and quotations omitted).

Furthermore, it is within the discretion of the ALJ - who actually meets with and takes testimony from an individual plaintiff - to evaluate that plaintiff's credibility. As the Sixth Circuit has found, "[i]t is for the [Commissioner], not a reviewing court, to make credibility findings." *Felisky v. Bowen,* 35 F.3d 1027,1036 (6th Cir. 1994). *See also McGuire v. Commissioner of Soc. Sec.,* No. 98-1502, 1999 WL 196508, at *6 (6th Cir. Mar. 25, 1999) (*per curiam*) ("An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility").

Here, contrary to plaintiff's assertions, neither the objective medical evidence, nor treatment notes from her treating sources, confirm the severity of plaintiff's alleged disabling pain.

During the relevant two and a half year period, (between her alleged disability onset date of December 6, 2003 through the ALJ's decision of September 22, 2006),

Plaintiff only saw a doctor twice about fibromyalgia, back pain, migraines, headaches, and allergies (*i.e.*, 7/04 – Tr. 173-74 & 10/04 – Tr. 171-72). Notably, at her second office visit, she reported that her back pain was stable and medication helped to control her migraine headaches (Tr. 171). While she complained that fibromyalgia was causing falling spells, she never saw another doctor again for the next two years – through the date of the ALJ's decision. Such a lack of treatment for conditions she claimed were disabling undermines the credibility of her claims. *See Blacha v. Secretary of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (claimant's failure to seek treatment undercut his claims of disabling pain).

Similarly, Plaintiff complained of having problems with her feet. (Tr. 73). However, the record only documents one visit with a podiatrist during the relevant time (in December 2003), and then no other treatment for the next two and a half years through the date of the ALJ's decision.

Additionally, plaintiff asserts that Dr. Apgar's findings are consistent with plaintiff's complaints, and, therefore, the ALJ erred in finding plaintiff's testimony less than entirely credible. Dr. Apgar, a one-time consultative examiner, found that plaintiff "may" have marked difficulties with standing, walking, sitting, lifting, carrying, pushing, pulling, and traveling (Tr. 193).

However, Dr. Apgar's own clinical examination findings did not support a finding of marked limitations; in fact, Dr. Apgar found plaintiff to have slightly decreased strength (+4/5), normal straight leg raising, no joint abnormalities, and a restriction in

lumbar flexion only at 80 degrees (Tr. 192). Thus, his findings were not consistent with an individual who would have marked limitations in functioning. Accordingly, the ALJ found that there was no evidence in the record to support a finding that plaintiff "will" have such marked limitations in any of the functioning areas identified by Dr. Apgar. (Tr. 15).

As noted above, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Here, the medical evidence of record and plaintiff's treatment history fail to corroborate her allegations of total disability, and, therefore, the ALJ's credibility finding is supported by substantial evidence.

**B.**

For her next assignment error, plaintiff maintains that the ALJ erred in failing to consider her impairments in combination. Plaintiff's assertion is unavailing.

Here, the ALJ thoroughly discussed the medical evidence of record and clearly articulated the reasons for his conclusions. Furthermore, the ALJ specifically stated that he considered all of the claimant's impairments in combination (Tr. 12), and he concluded that these impairments did not meet the requirements of the relevant Listings. Such statements are sufficient to show that the ALJ considered the combined effect of the claimant's impairments. *See Anderson v. Sullivan*, 911 F.2d 731, 1990 WL 116539, **8 (6th Cir. 1990) (citing *Gooch v. Secretary of Health & Human Services*, 833 F.2d 589, 591-92 (6th Cir. 1987))

**C.**

For her last assignment of error, plaintiff asserts that ALJ erred in finding that she could perform her past relevant work as a credit card representative. Specifically, plaintiff asserts that she did not perform the job long enough to learn to do the job, and, therefore, meet the definition of substantial gainful activity.

Under the applicable regulations, a job is past relevant work if it was "done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity." 20 C.F.R. § 404.1565(a).

Here, the record shows that plaintiff worked at that job for almost three months (from 9/14/03 to 12/6/03), and while at first she worked part time (four hours a day for six days a week), the job subsequently became full time work (Tr. 74, 246-47). Based upon plaintiff's own description of the job (that she talked to people about obtaining a credit card from a retail store and then entered that information into a computer) (Tr. 239), the vocational expert testified that her credit card representative job was an unskilled, sedentary job. (Tr. 253). Unskilled jobs, by definition, take no longer than up to one month to learn. *See* SSR 00-4p.

Plaintiff's almost three months on the job was more than sufficient time for her to learn to talk to people about obtaining a credit card and then enter that information into a computer. *See Dudley v. Secretary of Health and Human Services*, 816 F.2d 792, 794 (1st Cir. 1987) (Determination that claimant's three months' prior work as labeller was sufficient for work to constitute "past relevant work" for purposes of determining whether

claimant had burden of demonstrating inability to perform labelling work was supported by evidence that work was relatively straightforward and uncomplicated); *Drejka v. Commissioner of Social Security*, 61 Fed.Appx. 778, 783, 2003 WL 328434, 4 (3d Cir. 2003) (Claimant's jobs, for three months or less, as newspaper inserter and housekeeper for motel were not too brief to be considered past relevant work which claimant was able to perform for purposes of claim for Social Security disability benefits and supplemental security income benefits; although such jobs were unskilled with low vocational rating, claimant worked at them long enough to learn how to do them.); *Jones v. Sullivan*, 914 F.2d 260 (Table), 1990 WL 139210, 3 (7th Cir. 1990) (Work done for only a few months can apply as "past relevant work," because "past relevant work" is work which has "lasted long enough for [the claimant] to learn to do it.")

Accordingly, the undersigned finds substantial evidence to support the ALJ's determination that plaintiff's prior work as a credit card representative was sufficient for that work to constitute "past relevant work."

For the foregoing reasons, plaintiff's assignments of error are without merit. The ALJ's decision is supported by substantial evidence and should be affirmed.

## III.

## IT IS THEREFORE RECOMMENDED THAT:

1. The decision of the Commissioner is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and should be **AFFIRMED.**

2. As no further matters remain pending for the Court's review, this case should be **CLOSED.**


Date:   August 29, 2008                        s/Timothy S. Black
                                                                                                             Timothy S. Black
                                                                                                             United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JANET CRABTREE, | : | Case No. 1:07-cv-318 |
| | : | |
| Plaintiff, | : | Barrett, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).